UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY MOGDIS,

    Plaintiff,

v.                                                                        Case No. 1:18-CV-82

COMMISSIONER OF SOCIAL SECURITY,           HON. GORDON J. QUIST

    Defendant.
_____/

## **ORDER REJECTING THE REPORT AND RECOMMENDATION**

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits under Title II of the Social Security Act. Magistrate Judge Ellen Carmody submitted a Report and Recommendation (R & R) recommending that the Court affirm the Commissioner's decision denying disability benefits. (ECF No. 13.)

Plaintiff has filed objections to the R & R (ECF No. 14) and Defendant has responded to Plaintiff's objections (ECF No. 15). Upon receiving objections to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be rejected and that the case should be remanded to the Administrative Law Judge (ALJ) for reconsideration consistent with this order.

1

Plaintiff alleged in her initial brief (ECF No. 10) and again in her objections to the R & R that the ALJ committed the following errors: the ALJ did not take into account Plaintiff's limitations regarding concentration, persistence, and pace; the ALJ violated the treating physician rule; the ALJ mishandled Plaintiff's complaints; the ALJ ignored the limiting effects of treatment; and the ALJ failed to address regional jobs. (*Id.* at PageID.996.)

"This court's review of the Commissioner's decision is limited to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(g)). The Court agrees with the magistrate judge's conclusion that substantial evidence supported the ALJ's findings regarding Plaintiff's limitation in concentration, persistence, and pace; the ALJ's finding that the effects of treatment were not work-preclusive;[1] and the ALJ's finding that alternative work existed in significant numbers in the national economy.[2] However, the Court finds that the ALJ misapplied the legal standards and/or failed to support her decision with substantial evidence in considering treating-source opinions and Plaintiff's subjective testimony. Thus, the Court will remand this matter to the ALJ for reconsideration.

---

[1] By Plaintiff's tally, she missed 62.5 days of work over a 42.5-month period, which is more than 1.5 days absent per month. The vocational expert (VE) testified that the jobs that Plaintiff could work in the national economy had an absenteeism tolerance of approximately once per month and that two or more absences would be work-preclusive. (ECF No. 6-2 at PageID.86.) Given that Plaintiff did not question the VE about the effect of absences between one and two days a month and considering the deference this Court affords the ALJ's decision, this Court finds that the ALJ's refusal to take into account the limitation of Plaintiff's treatment is supported by substantial evidence.

[2] "'[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A); *see also* 20 C.F.R. § 404.1566(a). The VE testified that there existed approximately 136,000 jobs nationwide that Plaintiff could perform based on the hypothetical posed by the ALJ. The VE did not specifically testify as to whether those jobs existed in the region where Plaintiff lives or in several regions of the country. However, this Court has previously found that when "[n]othing about these positions suggested that they would be isolated jobs in relatively few locations outside the region in which Plaintiff lives," the ALJ can properly infer that a significant number of jobs exist in the national economy. *Kelley v. Comm'r of Soc. Sec.*, No. 1:15-CV-0107, 2016 WL 944906, at *7 (W.D. Mich. Mar. 14, 2016).

*Treating-Source Opinions*

"[A]n opinion from a medical source who regularly treats the claimant (a 'treating source') . . . *must* be given 'controlling weight' if two conditions are met: (1) the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques'; and (2) the opinion 'is not inconsistent with the other substantial evidence in [the] case record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375–76 (6th Cir. 2013) (emphasis added) (quoting 20 C.F.R. § 404.1527(c)(2)).

The ALJ gave less than controlling weight to the treating-source opinions of Plaintiff's physician, Charles Barker Jr., D.O., and Plaintiff's mental health specialist, Heather Dermyer, Ph.D.[3] But an ALJ can reject or lessen the weight given to a treating-source only if the opinion is not well-supported by medically acceptable diagnostic techniques or if the opinion is inconsistent with other substantial evidence, which is not what happened in this case.

The ALJ afforded Dr. Barker's opinion "little weight, as it is vague, and does not provide for specific workplace abilities and limitations." (ECF No. 6-2 at PageID.36.) Yet, vagueness is simply not a reason to reject a treating-source opinion.

The ALJ also afforded Dr. Dermyer's opinion only "partial weight, as it is partially consistent with the overall evidence of record." (*Id*. at PageID.37.) However, Dr. Dermyer's opinion was *not inconsistent* with other substantial evidence in the record. Dr. Dermyer opined that Plaintiff had marked limitation in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms. The ALJ compared that opinion to the medical evidence that Plaintiff "was often alert and oriented with logical and goal directed

---

[3] The magistrate judge stated that Dr. Dermyer's opinion, expressed on a Mental Residual Functional Capacity Assessment form, did not constitute a "medical opinion." (ECF No. 13 at PageID.1054.) However, it is unclear to this Court how the definition of a medical opinion, as quoted from 20 C.F.R. §§ 404.1527(a)(2) and 416.927(a)(2), precludes Dr. Dermyer's opinion from being considered as such. Furthermore, the ALJ treated Dr. Dermyer's opinion as a medical opinion, so this Court will as well.

though processes, intact concentration, and adequate judgment and insight." (*Id.*) But, for evidence to be considered inconsistent, there must be a "conflict." 20 C.F.R. § 404.1520b. Here, there is no actual conflict. Dr. Dermyer's opinion addresses Plaintiff's mental health limitations over the course of a workday or workweek, whereas the medical record evidence that the ALJ cites addresses Plaintiff's mental health state in a snapshot of time. Thus, because there is no inconsistency, the ALJ's reason for giving Dr. Dermyer's opinion less than controlling weight is invalid.

It is unclear whether substantial evidence would support the ALJ's decision to deny benefits if Dr. Barker's and Dr. Dermyer's opinions were given controlling weight. But because the ALJ did not correctly apply the treating physician doctrine, reversal is required, even if substantial evidence otherwise supported the ALJ's decision. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

*Plaintiff's Subjective Testimony*

"Where the symptoms and not the underlying condition form the basis of the disability claim, a two-part analysis is used in evaluating complaints of disabling pain." *Rogers*, 486 F.3d at 247 (citing 20 C.F.R. § 416.929(a)).

> First, the ALJ will ask whether the there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms. 20 C.F.R. § 416.929(a). Second, if the ALJ finds that such an impairment exists, then he must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities. *Id.* Relevant factors for the ALJ to consider in his evaluation of symptoms include the claimant's daily activities; the location, duration, frequency, and intensity of symptoms; factors that precipitate and aggravate symptoms; the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; other treatment undertaken to relieve symptoms; other measures taken to relieve symptoms, such as lying on one's back; and any other factors bearing on the limitations of the claimant to perform basic functions.

*Rogers*, 486 F.3d at 247. At step two, the Social Security Administration "recognize[s] that some individuals may experience symptoms differently and may be limited by symptoms to a greater or lesser extent than other individuals with the same medical impairments, the same objective medical evidence, and the same non-medical evidence." Soc. Sec. Ruling 16-3p; Titles II & XVI: Evaluation of Symptoms in Disability Claims, S.S.R. 16-3P, 2016 WL 1119029 at *4 (S.S.A. Mar. 16, 2016). As such, a claimant's subjective assessment of symptoms "will be determined to diminish [the claimant's] capacity for basic work activities to the extent that [the claimant's] alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(c)(4). Stated differently, once the ALJ determines that the claimant has an underlying medically determinable impairment, the ALJ will find that the subjective assessment of symptoms diminishes the capacity of that claimant to the extent that the subjective assessment can reasonably be accepted as consistent with the entire case record. *Id*.

In this case, the ALJ found "that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms." (ECF No. 6-2 at PageID.32.) Therefore, Plaintiff's subjective testimony should have been considered under the second step, looking for reasonable consistency. The ALJ did not accept Plaintiff's testimony because the ALJ found that Plaintiff's statements were "not entirely consistent with the medical evidence and other evidence in the record." (*Id*.) In particular, the ALJ found the following statements not entirely consistent with the case record:

(1) Plaintiff testified at the hearing that she could stand only for ten minutes and walk less than one city block. The ALJ compared that statement to medical evidence that showed that Plaintiff had normal strength, full range of motion, intact sensation, a normal gait

without the use of assistive devices, and no difficulty walking on toes and heels. Additionally, the ALJ pointed to testimony from September 2014 in which Plaintiff stated that she could lift her thirty-two-pound son, stand or walk up to forty-five minutes, and sit up to forty-five minutes. (*Id*. at PageID.36-37.)

(2) Plaintiff testified at the hearing that she had difficulty with focus and attention. The ALJ compared that statement with medical evidence that Plaintiff was often alert and oriented with logical and goal directed through processes, intact concentration, and adequate judgment and insight. (*Id*. at PageID.37)

(3) Plaintiff testified to disabling symptoms and limitations. The ALJ concluded that the daily activities described by Plaintiff were not limited to the extent expected of someone with disabling symptoms and limitations. The ALJ noted that Plaintiff had reported caring for her younger son and her older son who was mildly disabled, preparing meals, doing light household chores, shopping in stores, driving, and on one occasion in May 2016, hosting a party. (*Id*.)

However, the ALJ should have accepted Plaintiff's description of her symptoms if the symptoms described could "reasonably be accepted as consistent" with the other evidence, which is the case here.

Plaintiff's testimony that she could only stand for ten minutes and walk less than one city block is reasonably consistent with intact sensation and normal range of motion. *See Rogers*, 486 F.3d 248-49 (finding that the ALJ improperly rejected claimant's subjective testimony when the ALJ pointed to medical evidence that the claimant exhibited "normal reflexes" and "normal sensory testing"). In the same vein, Plaintiff's testimony cannot be considered inconsistent just because more than two years earlier Plaintiff testified that she could walk up to forty-five minutes

6

at a time; Plaintiff has a degenerative disease that easily explains why her symptoms have worsened over time. *See* S.S.R. 16-3P, 2016 WL 1119029 at *8 ("[I]nconsistencies in an individual's statements made at varying times does not necessarily mean they are inaccurate. Symptoms may vary in their intensity, persistence, and functional effects, or may worsen or improve with time.").

Plaintiff's reports of difficulty with focus and attention is reasonably consistent with medical evidence that she had logical thought processes and fits comfortably within the opinion given by treating-source Dr. Dermyer. Dr. Dermyer opined that Plaintiff had marked limitations in an ability to complete a normal workday and workweek without interruptions from psychologically based symptoms, but otherwise Plaintiff only had moderate or slight limitations in all other areas.

Finally, Plaintiff's testimony with regard to daily activities is consistent with her report of symptoms because the "somewhat minimal daily functions" to which Plaintiff testified "are not comparable to typical work activities." *Rogers*, 486 F.3d at 248 (rejecting the ALJ's conclusion that a claimant's daily activities, such as being "able to drive, clean her apartment, care for two dogs, do laundry, read, do stretching exercises, and watch the news," rendered the claimant's subjective testimony inconsistent).

The ALJ did not employ the correct standard when she stated that Plaintiff's statements were "not entirely consistent" with the record evidence, rather than considering if the Plaintiff's statements could be reasonably accepted as consistent. *See* 20 C.F.R. § 404.1529(c)(4). To the extent that the ALJ employed the correct standard but did not articulate it well, her reasons for finding inconsistency are not supported by substantial evidence. *See Rogers*, 486 F.3d at 249. Thus, reversal is required.

7

*Conclusion*

For the foregoing reasons, the Court **rejects** the R & R (ECF No. 13), **reverses** the Commissioner's decision denying disability benefits to Plaintiff, and **remands** the case to the ALJ for reconsideration.

**IT IS SO ORDERED.** A separate judgment will enter.


Dated: February 14, 2019                /s/ Gordon J. Quist
                                       GORDON J. QUIST
                                  UNITED STATES DISTRICT JUDGE