UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

KIMBERLY MOGDIS,

     Plaintiff,

                                              Hon. Gordon J. Quist

v.

                                              Case No. 1:18-cv-82

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's EAJA Petition. (ECF No. 19). On February 14, 2019, this matter was remanded to the Commissioner for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff now moves for an award of fees pursuant to the Equal Access to Justice Act (EAJA) in the amount of $7,087.50, based upon 26.25 hours of work compensated at an hourly rate of $270.00. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

The EAJA provides that a prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The burden rests with the Commissioner to establish that her position was substantially justified, *DeLong v. Commissioner of Social Security*, 748 F.3d 723, 725-26 (6th Cir.

2014), defined as having "a reasonable basis both in law and fact" and "justified to a degree that could satisfy a reasonable person." *Glenn v. Commissioner of Social Security*, 763 F.3d 494, 498 (6th Cir. 2014). However, the fact that the Commissioner's decision is found to be supported by less than substantial evidence does not preclude a finding that the Commissioner's position was nonetheless substantially justified. *DeLong*, 748 F.3d at 725. Defendant opposes the present motion on the ground that the Commissioner's position was substantially justified.

In her challenge to the Commissioner's decision, Plaintiff alleged several errors. The Court rejected most of Plaintiff's arguments, but nevertheless found that the ALJ's assessment of the treating medical opinions and of Plaintiff's subjective allegations was not supported by substantial evidence. The Court did not conclude that the evidence precluded a determination that Plaintiff is not disabled, but instead simply found that the ALJ had not articulated substantial evidence to support the ALJ's decision.

The Sixth Circuit has indicated that "where remand was based solely on the ALJ's 'failure to explain his findings adequately," such may very well constitute substantial justification. *Glenn*, 763 F.3d at 498; *see also, DeLong*, 748 F.3d at 727 (because "remand on procedural grounds may result in yet another denial of benefits. . .we hold that an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification"). While the Court ultimately concluded that remand was appropriate, on procedural grounds, the ALJ's decision and Defendant's defense thereof were substantially justified. Accordingly, the undersigned recommends that Plaintiff's motion for EAJA fees be denied. However, in the event that the Commissioner's decision is found to not be substantially justified, the undersigned recommends that Plaintiff's EAJA award be significantly reduced.

The EAJA provides that "fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). As courts recognize, the EAJA's statutory hourly rate "is a ceiling and not a floor." *Caviness v. Commissioner of Social Security*, 681 Fed. Appx. 453, 455 (6th Cir., Mar. 3, 2017). Counsel bears the burden of "producing appropriate evidence to support the requested increase." *Bryant v. Commissioner of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009). Counsel must "produce satisfactory evidence. . .that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Ibid.* Counsel does not satisfy his burden by simply submitting their own affidavits or "the Department of Labor's Consumer Price Index, arguing that the rate of inflation supported an increase in fees." *Ibid.*

In support of his position to be compensated at an hourly rate of $270, Plaintiff's counsel argues that such is justified by "bar association statistics" and "inflation." The Court is not persuaded. First, as noted above, reliance on the general notion of "inflation" to support a request for an increase in the EAJA hourly rate is insufficient. Second, the bar association survey to which counsel cites "is fairly generic and does not in any way drill down to social security practitioners specifically." *Thompson v. Commissioner of Social Security*, 2014 WL 4080417 at *1 (W.D. Mich., Aug. 14, 2014).

In sum, while the Court finds reasonable the number of hours counsel claims to have expended on this matter, the Court finds unreasonable counsel's requested hourly rate of $270. The Court instead finds more appropriate the increased hourly rate of $175 the Court has recently approved. *See Johnson v. Commissioner of Social Security*, 2018 WL 2134066 at *2

3

(W.D. Mich., May 9, 2018); *Barnes v. Commissioner of Social Security*, 2017 WL 6949277 at \*1 (W.D. Mich., Dec. 20, 2017).

Accordingly, in the event that the Commissioner's decision is found to not be substantially justified, the undersigned recommends that Plaintiff be awarded EAJA fees in the amount of four thousand, five hundred ninety-three dollars and seventy-five cents ($4,593.75) which represents 26.25 hours of work compensated at an hourly rate of $175.  Moreover, in light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), the undersigned further recommends that any award of EAJA fees be entered in Plaintiff's favor.  *Id.* at 591-93; see also, 28 U.S.C. § 2412(d)(1)(A) (the EAJA awards fees "to a prevailing party"); *Kerr v. Commissioner of Social Security*, 874 F.3d 926, 934-35 (6th Cir. 2017) (reaffirming that *Astrue* requires EAJA fees to be paid to the claimant).

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's EAJA Petition</u>, (ECF No. 19), be denied on the ground that the Commissioner's decision was substantially justified.  However, in the event that the Commissioner's decision is found to not be substantially justified, the undersigned recommends in the alternative that Plaintiff be awarded four thousand, five hundred ninety-three dollars and seventy-five cents ($4,593.75) pursuant to the EAJA and that such be paid directly to Plaintiff.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).

Failure to file objections within such time waives the right to appeal the District Court's order.

*See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,


Dated:May 21, 2019                              /s/ Ellen S. Carmody
                                                ELLEN S. CARMODY
                                                United States Magistrate Judge