UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY MOGDIS,

    Plaintiff,

v.                                                          Case No. 1:18-CV-82

COMMISSIONER OF SOCIAL SECURITY,            HON. GORDON J. QUIST

    Defendant.

_____/

**ORDER REJECTING THE REPORT AND RECOMMENDATION**

A Social Security ALJ denied Plaintiff's application for Social Security Disability and SSI benefits. Plaintiff sought review of the ALJ's opinion in this Court. Magistrate Judge Ellen Carmody submitted a Report and Recommendation (R & R) recommending that the Court affirm the Commissioner's decision denying disability benefits. (ECF No. 13.) The Court rejected the R & R, reversed the Commissioner's decision denying benefits, and remanded the case to the ALJ for reconsideration, finding that the ALJ misapplied the legal standards and/or failed to support her decision with substantial evidence in considering treating-source opinions and Plaintiff's subjective testimony. (ECF No. 16.) Plaintiff moved for an award of fees under the Equal Access to Justice Act (EAJA) in the amount of $7,087.50, based on 26.25 hours of work compensated at an hourly rate of $270. (ECF No. 19.) The magistrate judge reviewed the motion and response and submitted an R & R recommending that Plaintiff's motion be denied or, if the Court determined that Plaintiff was entitled to an EAJA award, that the award be significantly reduced from the requested amount. (ECF No. 23.)

Plaintiff has filed objections to the R & R, and the Commissioner has responded to Plaintiff's objections. (ECF Nos. 24, 25.) Upon receiving objections to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be rejected and that Plaintiff's motion for an award of fees under EAJA should be granted in the requested amount.

Under the EAJA, a prevailing party in an action seeking judicial review of a decision of the Commissioner may apply for an award of fees and other expenses. 28 U.S.C. § 2412(d)(1)(A). While an EAJA award is not an "automatic award," *United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), the "court shall award" fees to the prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

"Remand alone . . . does not necessarily require an award of fees," *Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014) (internal quotation marks omitted), but the Commissioner "bears the burden of proving that a given position was substantially justified, and it discharges that burden by demonstrating that the position had a reasonable basis both in law and fact." *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 725–26 (6th Cir. 2014) (internal quotation marks and citations omitted). Stated differently, "the government's position is substantially justified if it is justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person," which "means, of course, more than merely undeserving of

2

sanctions for frivolousness; and is not different from having a reasonable basis both in law and fact." *Glenn*, 763 F.3d at 498 (internal quotation marks omitted).

Here, the Commissioner argued and the magistrate judge concluded, relying on *Delong*, that the Commissioner's position was substantially justified because the remand was solely for procedural reasons so that the ALJ could explain her findings adequately. However, the Commissioner and the magistrate judge misinterpreted this Court's order remanding to the ALJ. The Court found that the ALJ gave only partial or little weight to Plaintiff's treating physicians, when she should have given controlling weight based on her findings. (ECF No. 16 at PageID.1095-96.) The ALJ also erred by employing the incorrect legal standard in analyzing Plaintiff's subjective testimony, thus discounting Plaintiff's testimony when it should have been accepted. (*Id*. at PageID.1099.)

The Sixth Circuit has explained that *DeLong*, on which the R & R relies, stands for the proposition that the Commissioner's decision is substantially justified despite remand "where remand was based solely on the ALJ's 'failure to *explain* his findings adequately' and not on 'the weight he found appropriate for various medical opinions.'" *Glenn*, 763 F.3d at 498 (quoting *DeLong*, 748 F.3d at 727) (emphasis in original). Thus, based on the reasoning of *DeLong*, the Commissioner's decision was *not* substantially justified because the ALJ erred in the amount of weight given to the medical opinions of Plaintiff's treating physicians.[1] In fact, the Commissioner conceded that the ALJ erred in her analysis of Plaintiff's treating physician, Dr. Barker, but instead

---

[1] The magistrate judge noted that "[t]he Court did not conclude that the evidence precluded a determination that Plaintiff is not disabled." (ECF No. 23 at PageID.1165.) However, "[i]rrespective of what happens on remand," Plaintiff "had to retain counsel to ensure that her claim would be properly adjudicated," so when an ALJ does not "evaluate a claimant's disability in accordance with the applicable regulations and laws," the Commissioner is not substantially justified in defending the ALJ's determination. *Glenn*, 763 F.3d at 500.

3

of stipulating to a remand, argued instead that the ALJ's errors were harmless. That makes the Commissioner's position unjustifiable despite recognizing an error in law or fact.

Moreover, this case is nearly factually identical to *Howard v. Barnhart*, 376 F.3d 551 (6th Cir. 2004), in which the Sixth Circuit found that the plaintiff was entitled to an EAJA award. In *Howard*, the ALJ discredited much of the claimant's subjective assessments of her condition as well as the assessments of one of her treating physicians. Using the more restrictive limitations that the ALJ found were substantiated by the medical and testimonial evidence, the ALJ found that the claimant was not disabled. The Commissioner denied the claimant's application for benefits, and the district court affirmed. *Id*. at 552. The Sixth Circuit, however, reversed, finding, as this Court did here, that the opinion of the treating physician should have been given controlling weight and that the ALJ's erred in using only the limitations that cast the claimant as more capable than what the opinion of the treating physician suggested. *Id*. at 553. As such, the Sixth Circuit stated: "where the administrative law judge was found to have selectively considered the evidence in denying benefits, we hold that the Commissioner's decision to defend the administrative law judge's denial of benefits is without substantial justification." *Id*. at 554.

Once the Court has determined that Plaintiff is entitled to an EAJA award, the Court must decide the appropriate amount of the award. The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). To justify a higher fee, Plaintiff must "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of

reasonably comparable skill, experience, and reputation." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).

In support of his argument for an increased fee, Plaintiff's counsel submitted affidavits, the Department of Labor's Consumer Price Index (CPI), and the Michigan Bar survey of attorney rates. In particular, Plaintiff's counsel showed that the average hourly rate for an attorney practicing in Muskegon County, where counsel practices, is $265. The average hourly rate for an attorney practicing administrative law in Michigan is $270. Plaintiff's counsel and another attorney who worked on Plaintiff's case have extensive experience in Social Security cases in federal court, and each has more than 30 years' experience practicing law. Because of their experience, they are able to work more efficiently and expend fewer hours than less experienced attorneys. As such, their work warrants consideration of a rate at or above the average rate.

While the magistrate judge pointed out that the Sixth Circuit has determined that merely citing the CPI "is not enough," *Bryant*, 578 F.3d at 450, and a case from this Court held that the "Michigan Bar survey of attorney rates is . . . not necessarily probative of a fair rate of compensation under the EAJA," *Thompson v. Comm'r of Soc. Sec.*, No. 1:13CV1027, 2014 WL 4080417, at *1 (W.D. Mich. Aug. 14, 2014), those cases do not capture the whole picture. *Bryant* stands for the proposition that the CPI *alone* is not enough, and the rejection of the Michigan Bar survey as evidence of prevailing rates in *Thompson* contradicts the Sixth Circuit's holding in *Minor v. Commissioner of Social Security*, 826 F.3d 878, 883 (6th Cir. 2016), that accepted the Michigan State Bar survey as evidence to support a request for a higher EAJA rate. The combination of evidence provided by Plaintiff and this Court's recognition that successful Social Security appeals are rare enough that if Plaintiff's counsel were not appropriately compensated, there would be a shortage of qualified attorneys to pursue such appeals, justifies an hourly rate of $270. Multiplying

the 26.25 hours reasonably expended by counsel by the $270 per hour rate results in a $7,087.50 total.

THEREFORE,

**IT IS HEREBY ORDERED** that the May 21, 2019, Report and Recommendation is **rejected**.  Plaintiff's is hereby awarded EAJA fees[2] in the amount of $7,087.50, which represents 26.25 hours of work by Plaintiff's counsel compensated at an hourly rate of $270.

Dated: August 9, 2019                               /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                           UNITED STATES DISTRICT JUDGE

---

[2] The EAJA award must be paid directly to Plaintiff as the "prevailing party." *Astrue v. Ratliff*, 560 U.S. 586, 597–98, 130 S. Ct. 2521, 2529 (2010).